UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

GABRIELLA RAYGOZA, on behalf of all others similarly situated,

Plaintiffs,

v.

CONAGRA FOODS, INC. WELFARE BENEFIT WRAP PLAN,

Defendant.

Case No. CV 15-03741-AB (JCx)

**ORDER GRANTING MOTION TO DISMISS SECOND AMENDED COMPLAINT [57]**

Pending before the Court is Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint. (Dkt. No. 57.) Defendant brings its Motion under Federal Rules of Civil Procedure Rule 12(b) for failure to state a claim. Fed. R. Civ. P. 12(b)(6). Plaintiff has filed an Opposition, and Defendant has filed a Reply. (Dkt. Nos. 59–60.) The parties appeared for oral argument on June 13, 2016. (Dkt. No. 61.) Having considered the papers filed in support of and in opposition to the instant Motion, as well as the argument of counsel, the Court **GRANTS** the Motion. Because Plaintiff may cure the deficiencies described herein, the Court **DISMISSES** the Second Amended Complaint with **LEAVE TO AMEND**.

## I. BACKGROUND

### a. The Parties / Factual Background

Plaintiff is a resident of Lodi, California presently enrolled in an ERISA[1]-governed medical benefits plan provided by her current employer, ConAgra Foods, Inc. ("ConAgra"). (Dkt. No. 52, Second Amended Complaint ("SAC") ¶¶ 15, 22.) Defendant, a citizen of Nebraska, is ConAgra Foods Inc. Welfare Benefit Wrap Plan, the medical plan in which Plaintiff is enrolled. (*Id.* ¶¶ 23–24.) The Defendant plan is administered by BlueCross and BlueShield of Nebraska ("BCBS Nebraska"). (*Id.* ¶ 23.)

Plaintiff brings this litigation to recover payment for and ensure future coverage of Applied Behavior Analysis ("ABA") therapy for her son, who receives this treatment by prescription for Autism Spectrum Disorder. (*Id.* at 19–20.) Plaintiff's predecessor plan, provided by Plaintiff's former employer, covered and pre-authorized her son's ABA therapy. (*Id.* ¶¶ 27, 29.) In November 2012, Plaintiff's prior employer was purchased by ConAgra Foods, Inc., who retained Plaintiff as an employee and transferred her health coverage to the Defendant plan effective June 1, 2013. (*Id.* ¶ 28.)

On August 22, 2013, Plaintiff learned from her ConAgra benefits supervisor that the Defendant plan would cover her son's ABA therapy under a "pay by exception" through the end of 2013. (*Id.* ¶ 32.) The benefits supervisor further explained that "in 2014 this group will fall to the ConAgra Foods general benefits which follow our medical policy." (*Id.* ¶ 33.) Plaintiff alleges that "our medical policy" refers to the HighMark Medical Policy, which explicitly excludes the treatment codes that Plaintiff had used to claim ABA therapy benefits under her predecessor plan. (*Id.* ¶ 35.) Despite this, Plaintiff alleges that the Defendant plan actually covers the benefits at issue. (*See, e.g.*, *id.* ¶ 76 ("Defendant knew Plaintiffs were entitled to said benefits under the terms of the Plan.").) The Defendant plan honored Plaintiff's claims for ABA therapy through 2013 and denied Plaintiff's claims for therapy between January 2, 2014 and February 28, 2014. (*Id.* ¶¶ 41–45.) In total, six claims for ABA therapy were rejected. (*Id.*) Plaintiff

[1] ERISA stands for "Employee Retirement Income Security Act." 29 U.S.C. §§ 1001–1461.

completed one level of administrative appeal and alleges, based on documented correspondence between herself, ConAgra, and BCBS Nebraska, that further appeal would have been futile. (*Id.* ¶¶ 36–56.)

**b. Procedural History**

Plaintiff first filed her complaint in this Court on May 18, 2015. (Dkt. No. 1.) On August 31, 2015, Plaintiff amended her Complaint as a matter of right. (Dkt. No. 27.) On October 30, 2015, Defendant moved to dismiss. (Dkt. No. 31.) Plaintiff timely opposed on January 4, 2016, and Defendant filed its reply on January 11, 2016. (Dkt. Nos. 42, 44.) The parties appeared for a hearing on February 22, 2016, and the Court granted Defendant's motion with leave to amend on March 9, 2016, citing Plaintiff's failure to exhaust administrative remedies. (Dkt. Nos. 49, 51.)

On April 6, 2016, Plaintiff timely filed the operative Second Amended Complaint. (Dkt. No. 54.) Defendant again moved to dismiss on May 2, 2016. (Dkt. No. 57.) Plaintiff filed her Opposition on May 23, 2016, and Defendant filed its Reply on May 27, 2016. (Dkt. Nos. 59–60.) The Court heard oral argument on June 13, 2016 and now considers the instant Motion. (Dkt. No. 61.)

## II. LEGAL STANDARD

Federal Rules of Civil Procedure Rule 12(b)(6) provides that a defendant may move to dismiss any action that "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When ruling on such a motion, "all allegations of material fact [must be] construed in the light most favorable to the nonmoving party," *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996), and the court "must accept as true all of the factual allegations contained in the complaint," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). But the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). A complaint must contain more than "a formulaic recitation of the elements of a cause of action" to satisfy the pleading burden under Rule 12(b)(6). *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Nor does a complaint

suffice if it tenders naked assertions devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (quotation marks and citations omitted). Thus, to survive a motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.*

At the pleading stage, dismissal is proper only where a complaint fails to plead either a cognizable legal theory or sufficient facts under a cognizable legal theory. *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988). Where a complaint is found to be lacking, the court will grant leave to amend unless it is clear from the face of the complaint that the pleading deficiencies cannot be cured by amendment. *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995).

## III. DISCUSSION

The Second Amended Complaint ("Complaint") advances two causes of action: first, a claim for "denial of plan benefits under ERISA" and, second, a claim for "breach of fiduciary duty under an ERISA plan." (SAC at 16, 18.) The Court addresses both causes of action in turn.

### a. Claim I: Denial Of Plan Benefits Under ERISA

In her Complaint, Plaintiff advances Count I for Denial of Plan Benefits Under ERISA. (*Id.* at 16–18.) Specifically, Plaintiff alleges that Defendant's denial of Plaintiff's claim for plan benefits was wrongful under the terms of the Federal Mental Health Parity and Addiction Equity Act ("Mental Health Parity Act" or "Act") and under the terms of the Plan. (*Id.* at 17.) Defendant moves to dismiss on the grounds that Plaintiff did not exhaust and is not excused from exhausting her administrative remedies; that Plaintiff has not identified the plan term that entitles her to the benefits at issue; and that the Mental Health Parity Act does not mandate coverage. (Dkt. No. 57-1, Def.'s Mem. ISO Mot. ("Mot.") at 7–16.) In Opposition, Plaintiff does not contend that the Plan covers the benefit but rather contends that the Plan's failure to cover the benefit violated the Mental Health Parity Act. (Dkt. No. 59, Opp'n at 2.) Plaintiff also argues that administrative exhaustion would have been futile and that administrative exhaustion

is not required for statutory violations.[2] (Opp'n at 5–9.)

Civil causes of action under ERISA are governed under 29 U.S.C. section 1132(a). Permissible causes of action include claims under section 1132(a)(1)(B)[3] for denial of benefits promised under the terms of a plan and claims under section 1132(a)(3)[4] for violations of the statute itself. Here, Plaintiff captions her first claim as a claim for "denial of plan benefits under ERISA," but she does not expressly identify the section of ERISA under which she brings her first claim. (*See* SAC at 16.) Moreover, Plaintiff advances two theories of liability under her claim for "denial of plan benefits under ERISA," seeming to implicate both benefits owing under the plan and an alleged statutory violation,[5] (SAC at 16–17), while Plaintiff's Opposition concedes explicitly that the Plan did not cover the benefit that she now seeks, (Opp'n at 2). Thus, the Court's task is to untangle Plaintiff's intentions and extrapolate from the Complaint's pleading what legal standard should apply: the standard applicable to a denial of benefits claim or that for a statutory violation claim.

While Claim I implicates both a statutory violation and the plan's express terms, it

---

[2] Because Plaintiff has not stated a claim, the issue of administrative remedies is moot, and the Court does not reach it in this Order. This shift in focus from the Court's Order dismissing Plaintiff's First Amended Complaint is due to Plaintiff's new theory of the case: that the Plan terms do not cover the benefit she seeks.

[3] Section 1132(a)(1)(B) governs claims for relief under the terms of a plan and provides in its entirety,

> [a] civil action may be brought by a participant or beneficiary to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan.

29 U.S.C. § 1132(a)(1)(B).

[4] Section 1132(a)(3) governs claim for relief from statutory violations and provides in its entirety,

> [a] civil action may be brought by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of [ERISA] or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of [ERISA] or the terms of the plan.

29 U.S.C. § 1132(a)(3).

[5] The Mental Health Parity Act was enacted as part of ERISA and thus "is enforceable through a cause of action[] under § 1132(a)(3) as a violation of a 'provision of this subchapter.'" *A.F. ex rel. Legaard v. Providence Health Plan* ("*Legaard*"), 35 F. Supp. 3d 1298, 1304 (D. Or. 2014).

is clear from the majority of Plaintiff's language under this cause of action that Plaintiff intended to bring this claim under section 1132(a)(1)(B). The Court construes Count I as a claim for benefits owed under the Plan's terms for the following eight reasons:

*First*, the Complaint captions this count as a claim "for denial of *plan benefits*," indicating that the benefits are due and owing under the plan's terms. (SAC at 16 (emphasis added).)

*Second*, the Complaint alleges that "Defendant wrongfully asserted that ABA therapy is not a covered benefit under the plan," indicating that the Plan's express terms, properly understood, are intended to cover the benefit at issue. (SAC ¶ 75.)

*Third*, the Complaint alleges that Defendant "failed to authorize and pay for medical services rendered to Plaintiffs *as required by the Plan*," indicating that the Plan's express terms obligate Defendant to cover the benefit. (SAC ¶ 76(b).)

*Fourth*, the Complaint alleges that "Defendant knew Plaintiffs were entitled to said benefits under the terms of the Plan," indicating both that the Plan covered the benefit and that Defendant knew it. (*Id.*)

*Fifth*, the Complaint states that exhaustion of administrative remedies would have been futile, indicating that Plaintiff seeks benefits under the terms of the Plan because administrative exhaustion is not required for a statutory violation.[6] (SAC ¶ 77.)

*Sixth*, the Complaint states that Plaintiff seeks to "enforce [her] rights under the terms of the Plan and to clarify [her] rights to future benefits under the terms of the Plan," thereby indicating that the Plan's terms need only be enforced, rather than changed, because the terms themselves cover the benefit. (SAC ¶ 80.)

*Seventh*, the Complaint borrows the language of section 1132(a)(1)(B) verbatim under this cause of action, indicating that section 1132(a)(1)(B) is the section under which Plaintiff advances Count I. (*Compare* SAC ¶ 80 and 29 U.S.C. §

[6] "ERISA's usual exhaustion requirements do not apply where a claimant's action is based on a statutory violation." *Diaz v. United Agr. Emp. Welfare Ben. Plan & Trust*, 50 F.3d 1478, 1483 (9th Cir. 1995).

1132(a)(1)(B)).

*Eighth and finally*, the Opposition indicates that Plaintiff brings Count I under section 1132(a)(1), which consists of two subsections, (A) and (B).[7] (Opp'n at 2.) While the Opposition does not specify which subsection applies to Count I, section 1132(a)(1)(A) concerns the failure of a plan administrator to supply requested information, which is not alleged in the Complaint. Accordingly, the Court must infer that section 1132(a)(1)(B) is the one to which the Opposition refers. This is supported elsewhere in the Opposition. (Opp'n at 14 ("Here, Count II seeks distinct remedies and will be especially important to class members who may not have been able to private pay for ABA therapy for their children. These members may not have a [section] 1132(a)(1)(B) claim, but would be entitled to . . . equitable remedies that could be awarded under [section] 1132(a)(3).").)

While it is clear that Count I of the Complaint endeavors to state a section 1132(a)(1)(B) claim for benefits due and owing under the Plan, two considerations weigh against this conclusion. Both are related and, for the following reasons, neither alters the Court's analysis. The first consideration is that Plaintiff's Opposition states unequivocally that the Plan does not provide coverage for the benefits at issue. (Opp'n at 2.) Plaintiff makes this concession in response to Defendant's argument that the Court should dismiss Count I, which Defendant joins the Court in interpreting as a claim for plan benefits, because Plaintiff does not identify the Plan term that guarantees the benefit. (*Id.*) Specifically, Plaintiff states the following:

> The Plan further argues that Count I of the SAC should be dismissed because Plaintiff has failed to allege that any term of the Plan provided coverage for the ABA therapy *or* that she is entitled to benefits under the Federal Mental Health Parity Act. That is plainly wrong. Plaintiff does not contend that the Plan provided coverage for ABA therapy.

---

[7] Specifically, Plaintiff states, "The Plan also argues that Count II [under section 1132(a)(3)] should be dismissed because [it] is a repackaged claim for benefits under [section] 1132(a)(1). This is incorrect. Count II seeks remedies not available under Count I." (*See* Opp'n at 2.)

> Rather, the SAC alleges that the Plan does not provide such coverage, and that such failure is a violation of the Federal Mental Health Parity Act.[8]

(Opp'n at 2.) This does not change the Court's conclusion that the Complaint attempts to plead a section 1132(a)(1)(B) claim for plan benefits because it goes against the clear weight of the Complaint's language in Count I—Indeed, it contradicts the Complaint, which states that "Defendant wrongfully asserted that ABA therapy is not a covered benefit under the Plan." (SAC at 16.) Plaintiff may use her Opposition to concede a claim, but she may not use it to rewrite one that is clearly based on the argument that the Plan covers the benefit at issue.

This leads the Court to the second consideration weighing against this conclusion, which is that Count I of the SAC includes a discussion of the Mental Health Parity Act. (SAC at 17.) This too is not persuasive, however, because the Complaint presents the statutory discussion as one reason why it was wrongful for Defendant to deny Plaintiff's request for *covered* benefits, not a reason why it was wrongful for the Plan to *exclude* the benefits. (SAC at 17 (stating that "Defendant wrongfully denied Plaintiff's ABA therapy" but stating nowhere that the Plan actually excludes it).) Elsewhere in the Complaint, Plaintiff refers to "illegal plan exclusions," (SAC at 2), but this vague allegation cannot outweigh the clear thrust of Count I, which alleges that Defendant has wrongfully denied a covered benefit. Put simply, the Complaint's plain language does not support the position that Plaintiff has adopted in her Opposition.

While the meaning of many statutes is secreted in layers of jargon and maze-like

[8] Plaintiff cites *A.F. ex rel. Legaard v. Providence Health Plan* ("*Legaard*"), 35 F. Supp. 3d 1298 (D. Or. 2014), to support her argument that exclusion of ABA therapy violates the Mental Health Parity Act. Plaintiff's reliance on *Legaard* is misplaced, however, because the plaintiff in *Legaard* advanced a statutory violation claim under section 1132(a)(3), whereas here Plaintiff has apparently attempted to advance a statutory violation claim under section 1132(a)(1)(B). *Legaard*, 35 F.3d at 1304 ("Plaintiffs bring each of these claims under the ERISA civil enforcement provision, 29 U.S.C. § 1132(a)(3), which provides a cause of action for violations of ERISA itself and, under certain circumstances, violations of state law regulating insurance.").

conjugation, section 1132(a)(1)(B), according to the Supreme Court,

> is relatively straightforward. If a participant or beneficiary believes that benefits promised to him under the terms of the plan are not provided, he can bring suit seeking provision of those benefits. A participant or beneficiary can also bring suit generically to 'enforce his rights' under the plan, or to clarify any of his rights to future benefits.

*Aetna Health Inc. v. Davila*, 542 U.S. 200, 210 (2004) (quoting *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989)). Thus, because section 1132(a)(1)(B) regards only those rights arising under the existing terms of the plan at issue, to state a claim under that section, "a plaintiff must allege facts that establish the existence of an ERISA plan as well as the provisions of the plan that entitle it to benefits." *Almont Ambulatory Surgery Center, LLC v. UnitedHealth Grp., Inc.*, 99 F. Supp. 3d 1110, 1155 (C.D. Cal. 2015) (citation omitted). Indispensible is the requirement that "a plaintiff who brings a claim for benefits under ERISA must identify a specific plan term that confers the benefit in question." *Id.* (quoting *Sanctuary Curgical Ctr., Inc. v. UnitedHealth Grp., Inc.*, Case No. CIV 10-81589, 2013 WL 149356 (S.D. Fla. Jan. 14, 2013)).

Here, Plaintiff fails to identify a plan term that entitles her to coverage of her claimed benefit. Perplexing as Plaintiff's position may be, the Court is bound to grant Defendant's Motion on this basis: Because Plaintiff does not contend that the existing terms of the Plan entitle her to the benefit that she seeks, Plaintiff cannot state a claim under section 1132(a)(1)(B), which "speaks of '*enforc[ing]*' the 'terms of the plan,' not of *changing* them." *CIGNA Corp. v. Amara* (hereinafter *Amara*), 563 U.S. 421, 436 (2011) (emphasis in original) (quoting section 1132(a)(1)(B)). Recovery of benefits under section 1132(a)(1)(B) is limited to those benefits that the plaintiff contends are actually covered under the Plan's existing terms. *Watkins v. Westinghouse Hanford Co.*, 12 F.3d 1517, 1528 (9th Cir. 1993).

Plaintiff may have intended to plead that Defendant has committed a statutory violation by excluding ABA therapy in the Plan terms, but by this Complaint she has

not done so. Instead, the Complaint claims entitlement to benefits under Plan terms, and the Opposition concedes that the Plan provides no such coverage. Plaintiff may be entitled to plead in the alternative, but her Opposition indicates that this was not her intent. (Opp'n at 2.) Accordingly, the Court must construe the pleadings as a conceded claim for plan benefits. On that basis, the Court **GRANTS** Defendant's Motion as to Count I.

**b. Count II: Breach of Fiduciary Duty**

In addition to Count I, Plaintiff also advances Count II for breach of fiduciary duty. (SAC at 18–19.) Whereas Count I required the Court to infer the controlling law, however, Count II requests relief explicitly under 29 U.S.C. section 1132(a)(3). (SAC at 18.) This count is based on the same factual allegations as Count I. (SAC at 18 ("Defendant has categorically and improperly denied requests for ABA therapy, as alleged above. In acting and failing to act as described above, Defendant has breached its fiduciary duties.").) Defendant's Motion argues that this count should be dismissed because it is duplicative of Count I and seeks identical relief. (Mot. at 17–21.) Plaintiff counters on the ground that Count II seeks equitable relief not available under Count I. (Opp'n at 14.)

Section 1132(a)(3) of ERISA governs civil actions by plan participants, beneficiaries, or fiduciaries "(A) to enjoin any act or practice which violates any provision of [ERISA] or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of [ERISA] or the terms of the plan." 29 U.S.C. § 1132(a)(3). "Congress intended [section 1132(a)(3)] to act as the general 'catchall' provisions . . . to act as a safety net, offering appropriate equitable relief for injuries caused by violations that [section 1132] does not elsewhere adequately remedy." *Varity Corp. v. Howe*, 516 U.S. 489, 490 (1996). Accordingly, equitable relief under this section is available only where no other section provides an adequate mechanism for recovery. *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1475 (9th Cir. 1997).

Here, the disjuncture between Plaintiff's Second Amended Complaint and her Opposition, combined with the dismissal of Count I, has left the pleadings in such disarray that the Court cannot see a way to examine Count II on its merits. The Court cannot reach Count II because it is based on the same factual allegations as Count I, which Plaintiff has conceded in her Opposition as described above. Because Plaintiff cannot state a claim on that conceded ground, the Court **GRANTS** Defendant's Motion as to Count II.

## IV. CONCLUSION

For the foregoing reasons, Defendant's Motion is **GRANTED** in its entirety. The Court finds, however, that Plaintiff may yet cure the deficiencies described. Thus, the Court dismisses the Second Amended Complaint **WITH LEAVE TO AMEND**. Plaintiff may file her Third Amended Complaint, if any, within **thirty-five (35) days** of the issuance of this Order.

Dated: November 4, 2016

HONORABLE ANDRÉ BIROTTE JR.
UNITED STATES DISTRICT COURT JUDGE